**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MARY LANZILLOTTA suing individually on her own behalf and representatively on behalf of a class of plaintiffs similarly situated,

       Plaintiff,

-against-

GOVERNMENT EMPLOYEES INSURANCE
  COMPANY (GEICO),
GEICO GENERAL INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,
GEICO CASUALTY COMPANY,
GEICO ADVANTAGE INSURANCE COMPANY,
GEICO CHOICE INSURANCE COMPANY,
GEICO SECURE INSURANCE COMPANY,
GEICO COUNTY MUTUAL INSURANCE COMPANY,
AND GEICO INSURANCE AGENCY, INC.

       Defendants.

---

Case No:

CLASS ACTION

COMPLAINT

Jury Trial Demanded

---

## CLASS ACTION COMPLAINT

1.    Plaintiff MARY LANZILLOTTA sues herein under the provisions of Article 9 of the New York Civil Practice Law and Rules, individually on her own behalf and representatively on behalf of a class of plaintiffs similarly situated as more particularly described below.

2.    Plaintiff brings this class action to recover damages resulting from defendants' improper calculation of Basic Economic Loss and First Party Benefits

as each relates to wage benefits under Insurance Law §5102 of New York's Comprehensive Automobile Insurance Reparations Act.

3.    Under Insurance Law §5102(a)(2), Basic Economic Loss defines the amount of coverage for medical and wage a "covered person" is entitled to as "up to fifty thousand dollars" with wages further defined as "Loss of earnings from work which the person would have performed had he not been injured" capped at "two thousand dollars per month" for the first three years following an accident.  Under Insurance Law §5102(b)(1), First Party Benefits, by contrast, establishes the amount of medical and wage benefits a "covered person" is entitled to be reimbursed from the Basic Economic Loss coverage, with wages calculated as "payments to reimburse a person for basic economic loss," i.e., loss of actual earnings, LESS "Twenty percent of lost earnings," again capped at $2,000.00 per month.

4.    Throughout the class period defined below, defendants have improperly reduced the Insurance Law §5102(a)(2) Basic Economic Loss coverage limits for wages by more than the "two thousand dollars per month" cap set forth in §5102(a)(2) for "covered persons," including LANZILLOTTA, who earn actual wages in excess of "two thousand dollars per month."

5.    As a result of defendants' actions, plaintiff LANZILLOTTA and all other "covered persons" earning actual wages in excess of two thousand dollars per month, have been denied First Party Benefits because of the premature exhaustion

2

of Basic Economic Loss resulting in injuries from the improper application of Insurance Law §5102 to policyholders, their assignees, and all other "covered persons" entitled to receive First Party Benefits.

## PARTIES

6.    At all times hereinafter mentioned, plaintiff LANZILLOTTA is a resident of the County of Nassau, State of New York.

7.    Defendant   GOVERNMENT   EMPLOYEES   INSURANCE COMPANY (GEICO), is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815.

8.    Defendant GEICO GENERAL INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815.  It is a subsidiary of defendant Government Employees Insurance Company (GEICO).

9.    Defendant GEICO INDEMNITY COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at which maintains its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815.  It is a subsidiary of defendant Government Employees Insurance Company (GEICO).

3

10.     Defendant GEICO CASUALTY COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at which maintains its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815.  It is a subsidiary of defendant Government Employees Insurance Company (GEICO).

11.     GEICO ADVANTAGE INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at which maintains its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815.  It is a subsidiary of defendant Government Employees Insurance Company (GEICO).

12.     GEICO CHOICE INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at which maintains its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815.  It is a subsidiary of defendant Government Employees Insurance Company (GEICO).

13.     GEICO SECURE INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at which maintains its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815.  It is a subsidiary of defendant Government Employees Insurance Company (GEICO).

4

14.   GEICO COUNTY MUTUAL INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at which maintains its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815. It is a subsidiary of defendant Government Employees Insurance Company (GEICO).

15.   GEICO INSURANCE AGENCY, INC. is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at which maintains its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815. It is a subsidiary of defendant Government Employees Insurance Company (GEICO).

16.   Upon information and belief, at all times hereinafter mentioned, each of the GEICO defendants has written, sold and administered the claims of motor vehicle insurance policies in the state of New York pursuant to the Insurance Law of the State of New York.

17.   Upon information and belief, at all times hereinafter mentioned, each of the GEICO defendants is and has been an entity authorized and licensed to do business in, and issue automobile insurance policies in, the State of New York under the Insurance Law and is subject to Insurance Law §5102 *et seq*.

18.   Plaintiff lacks sufficient knowledge or information to determine which of the defendants administers the claims made by defendants' policyholders. For

the foregoing reason, all defendants are collectively referred to as "defendants" in this class action complaint.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a State different from at least one defendant.

20.     The Court has personal jurisdiction over each defendant because each defendant transacts business in New York and plaintiff's, and the class members', causes of action arose as a direct result of such business transaction. Specifically, defendants advertised, marketed and sold motor vehicle insurance to consumers in New York, and managed claims arising from those insurance policies, as more fully described hereinafter.

21.     Venue is proper in this Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to plaintiffs' and the class members' claims occurred in this district.

## FACTS

22.    At all times hereinafter mentioned, including August 2, 2016, LANZILLOTTA held a policy of motor vehicle insurance with one or more of the defendants under policy number 4412421010, which provided No-Fault Personal Injury Protection Benefits pursuant to the requirements of the Insurance Law, including §5102.

23.    On or about August 27, 2016, LANZILLOTTA was injured in an automobile accident with a third person and applied to defendants for First Party Benefits under claim number 0545669960101016.

24.    At the time of the August 27, 2016 automobile accident and at the time of her application for First Party Benefits, LANZILLOTTA was self-employed with an actual monthly wage in excess of $2,000.00 per month.

25.    Defendants' policy provided LANZILLOTTA with $50,000 in Basic Economic Loss benefits and $5,000 in Med Pay benefits for a total of available benefits of $55,000.00.

26.    Thereafter, defendants paid a total of $35,019.38 in First Party medical benefits, $14,219.15 in net First Party wage benefits over a period of seven months (including credit for NYS Short Term Disability benefits) and took a credit of $2,206.68 in Replacement Benefits for a total paid of First Party benefits and of $51,445.21.

7

27.     Notwithstanding that LANZILLOTTA was entitled to Basic Economic Loss coverage and Med Pay benefits of $55,000.00, on April 18, 2017 defendants advised LANZILLOTTA that her no-fault benefits were terminated because she had exhausted her Basic Economic Loss and Med Pay coverage of $55,000.00 after receiving only $51,445.21 in First Party Benefits.

28.     Defendants' conclusion that Basic Economic Loss and Med Pay coverage of $55,000.00 had been exhausted was based upon defendants' improper reduction of Basic Economic Loss by $2,500.00 per month for the seven months LANZILLOTTA received First Party wage benefits, instead of the statutorily capped amount of $2,000.00 per month as provided by §5102(a)(2).

29.     The reduction of Basic Economic Loss by the additional $500.00 per month for the seven months LANZILLOTTA received First Party wage benefits, or an additional $3,500.00, resulted in LANZILLOTTA's Basic Economic Loss and Med Pay coverage of $55,000.00 being deemed exhausted by defendants after LANZILLOTTA had only received First Party Benefits totaling $51,445.21.

30.     By reason of the foregoing, LANZILLOTTA was unable to pay the $3,554.79 balance of necessary First Party medical benefits and/or to receive additional First Party Wage Benefits.

8

## CLASS ACTION ALLEGATIONS

31.     Plaintiff LANZILLOTTA brings this action as a class action pursuant to Article 9 of the CPLR on behalf of herself, and on behalf of the following class:

All persons insured by GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO CASUALTY COMPANY, GEICO ADVANTAGE INSURANCE COMPANY, GEICO CHOICE INSURANCE COMPANY, GEICO SECURE INSURANCE COMPANY, GEICO COUNTY MUTUAL INSURANCE COMPANY, or GEICO INSURANCE AGENCY, INC. under policies subject to the provisions of Insurance Law §5102, who had actual monthly wages in excess of two thousand dollars per month, who have submitted First Party Benefit claims to and received payment from one or more of these defendants  for First Party Benefits that included claims for lost wages, and which, after paying at least one month of First Party wage benefits, defendants claim coverage had fully exhausted on or after March 13, 2013.  Excluded from the Class are the defendant companies; any entity that has a controlling interest in one or more of the defendant companies; current or former directors, officers and counsel of the defendant companies; and any class member who has already received

full compensation of his or her lost wages under the applicable insurance policy.

32.    This case is suitable for class treatment because it meets the requirements of FRCP 23 as follows:

a.    **Numerosity**:  The Class is so numerous that joinder of all members as individual plaintiffs is impracticable.  While the exact number of class members is unknown and can only be ascertained through discovery, Plaintiff believes that there are hundreds if not thousands of class members.

b.    **Commonality**:  There are questions of law and fact common to the Class, including:

i.    Whether defendants have breached their contracts of insurance with class members;

ii.    Whether defendants have violated General Business Law §349;

iii.    Whether defendants have violated the Comprehensive Motor Vehicle Insurance Reparations Act, Insurance Law §5101 *et seq*.; and

iv.    Whether Plaintiff and the class have been damaged by defendants' actions and, if so, the proper measure of such damages.

c.      **Typicality**:  Plaintiff's claims are typical of the claims of the class because Plaintiff and members of the class each sustained damages arising out of defendants' wrongful conduct as complained of herein;

d.      **Adequacy of representation**: Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that are antagonistic to, or in conflict with, the interests of the class as a whole, and has engaged competent counsel, experienced in complex litigation.

e.      **Prosecution of separate actions by members of the class**:

i.      would create a risk of inconsistent or varying adjudications with respect to the individual members of the class, which would establish incompatible standards of conduct for defendants; and/or

ii.     would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or which would substantially impair or impede their ability to protect their interests.

f.      **Defendants acted or refused to act on grounds generally applicable to the class.**  Final injunctive relief is appropriate respecting the class as a whole.

11

g.     **Predominance and superiority**:  Questions of law and fact common to members of the class predominate over any questions affecting only individual members, and a class action is manageable and superior to other available methods for the fair and efficient adjudication of the controversy.

i.     class members have little interest in individually controlling the prosecution or defense of separate actions;

ii.     there is no known litigation concerning the controversy already begun by or against class members;

iii.     it is desirable to concentrate the litigation of the claims in this forum; and

iv.     there will be no unusual difficulties in managing a class action.

## FIRST CAUSE OF ACTION

### Violation of the Comprehensive Motor Vehicle Reparations Act, Insurance Law §5101 *et seq.*

33.     Plaintiff LANZILLOTTA and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

34.     As a result of defendants' improper method of calculating the reduction of Basic Economic Loss for those "covered persons" who earn actual wages in excess of two thousand dollars per month, and whose Basic Economic loss coverage

12

has exhausted, defendants have not paid LANZILLOTTA or class members First Party Benefits to which they are entitled under Insurance Law §5103 within thirty days as required by Insurance Law §5106(a).

35.     By reason of the foregoing, defendants are liable to LANZILLOTTA and the class in an amount equal to the overdue benefits, plus two percent interest per month and reasonable attorneys' fees, or lawful interest from the date Basic Economic Loss was prematurely terminated (exhausted).

## SECOND CAUSE OF ACTION

### Breach of Contract

36.     Plaintiff LANZILLOTTA and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

37.     By operation of the Comprehensive Motor Vehicle Reparations Act, every owner's policy of liability insurance issued upon a vehicle registered in New York State must contain, and if it does not contain, shall be construed as containing, provisions providing for payment of first party benefits under the Comprehensive Motor Vehicle Reparations Act.

38.     The insurance agreements entered into between defendants and their policyholders are valid, binding, and enforceable agreements, and the policyholders have performed their obligations under these agreements by paying their premiums,

and LANZILLOTTA and each class member was either a party to such a contract or a third-party beneficiary of such a contract.

39.     Defendants, through the actions described above, failed to perform their duties under these contracts, in that they have not fulfilled their obligation to pay the full $50,000.00 in Basic Economic Loss owed by them under the contracts and have deprived LANZILLOTTA and members of the class valuable First Party Benefit coverage.

40.     By reason of the foregoing, defendants are liable to LANZILLOTTA and the members of the class for damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### <u>Violation of General Business Law § 349</u>

41.     Plaintiff LANZILLOTTA and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

42.     Defendants' conduct as alleged herein is consumer oriented within the meaning of General Business Law § 349.

43.     Defendants represented to Plaintiff and the class that defendants' insurance policies comply with New York law, including the Comprehensive Motor Vehicle Reparations Act.

44.     Defendants further represented to LANZILLOTTA and the class that defendants are permitted under New York insurance law to improperly reduce Basic

Economic Loss by more than two thousand dollars per month as alleged above, accelerating the exhaustion of Basic Economic Loss and reducing the amount of First Party Benefits to which LANZILLOTTA and the class are entitled. Such representations are both deceptive and material.

Defendants further represented to LANZILLOTTA and the class that defendants charged a premium based upon the availability of $50,000 in available First Party Benefits to which were denied LANZILLOTTA and the class. Such representations are both deceptive and material.Plaintiff and the class have been damaged as a result of defendants' misrepresentations.

## FOURTH CAUSE OF ACTION

## Declaratory and Injunctive Relief

45. Plaintiff LANZILLOTTA and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

46. Defendants' actions in improperly reducing Basic Economic Loss coverage by more than two thousand dollars per month for all wage earners that earn in excess of two thousand dollars per month violate the plain language of Insurance Law §5102(a)(2) and the plain language of their insurance policies.

47. Defendants' actions are unlawfully and unilaterally reducing the no-fault coverage for LANZILLOTTA, members of the class and all future "covered persons" who file for no-fault benefits with defendants.

48.     By reason of the foregoing, plaintiff LANZILLOTTA and members of the class are entitled to a preliminary and permanent injunction and order, enjoining and restraining the defendants, their subsidiaries, parent companies and any persons known or unknown acting with them, under them or on their behalf, from reducing Basic Economic Loss coverage for wages by more than the two thousand dollars per month set forth in Insurance Law §5102(a)(2).

49.     By reason of the foregoing, plaintiff LANZILLOTTA and members of the class are entitled to a declaratory judgment and order declaring the obligations of the defendants, their subsidiaries, parent companies and any persons known or unknown acting with them, under them or on their behalf, regarding the reduction of Basic Economic Loss coverage by more than the two thousand dollars per month set forth in Insurance Law §5102(a)(2).

## DEMAND FOR JURY TRIAL

50.     Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff LANZILLOTTA respectfully requests that the Court issue an Order:

a.      Declaring this action to be a class action;

b.      Awarding Plaintiff and the members of the Class damages against Defendants in an amount to be determined at trial;

c.      Awarding Plaintiff and the class restitution;

16

d.      Enjoining defendants from engaging in the practices alleged herein;

e.      Declaring the parties' rights, duties, status and other legal relations under the affected insurance contracts;

f.      Awarding pre-judgment interest; and

g.      Awarding Plaintiff the costs of this action, including reasonable attorneys' fees.

Respectfully submitted:

MARSCHHAUSEN & FITZPATRICK, P.C.
Kevin Fitzpatrick, Esq.
Dirk Marschhausen, Esq.
kfitzpatrick@marschfitz.com
73 Heitz Place
Hicksville, New York 11801
(516) 747-8000

SACKS WESTON DIAMOND LLC
John K. Weston, Esq.
Scott E. Diamond, Esq.
jweston@sackslaw.com
1845 Walnut Street, Suite 1600
Philadelphia, PA 19103
Phone: (215) 925-8200