UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
MARY LANZILLOTTA, suing individually on :
her own behalf and representatively on behalf of :     **SUMMARY ORDER**
a class of plaintiffs similarly situated,     :     19-cv-01465 (DLI)(LB)
    :
                Plaintiff,     :
    :
    :
          -against-     :
    :
GEICO EMPLOYEES INSURANCE     :
COMPANY, GEICO GENERAL INSURANCE :
COMPANY, GEICO INDEMNITY     :
COMPANY, GEICO CASUALTY     :
COMPANY, GEICO ADVANTAGE     :
INSURANCE COMPANY, GEICO CHOICE :
INSURANCE COMPANY, GEICO SECURE :
INSURANCE COMPANY, GEICO COUNTY :
MUTUAL INSURANCE COMPANY, GEICO :
INSURANCE AGENCY INC.     :
    :
                Defendants.     :
----------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

On March 13, 2019, Plaintiff Mary Lanzillotta ("Plaintiff") commenced this putative class action against GEICO Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, GEICO County Mutual Insurance Company, GEICO Insurance Agency Inc. (collectively, "Defendants"), seeking damages and declaratory and injunctive relief for Defendants' alleged systemic underpayments of benefits for individuals injured in automobile accidents and insured by Defendants.  *See*, Compl., Docket ("Dkt.") Entry No. 1.  Defendants moved to dismiss and, on September 30, 2020, this Court issued a Memorandum and Order granting in part and denying in

1

part Defendants' motion (the "Memorandum and Order").  *See*, Dkt. Entry No. 23.

Presently before the Court is Defendants' motion to modify the Memorandum and Order to include a certification of interlocutory appeal pursuant to 28 U.S.C. §1292(b).  *See*, Motion for Pre Motion Conference, Dkt. Entry No. 25 ("Defs.' Mot.").  Plaintiff opposes Defendants' motion.  *See*, Reply in Opposition, Dkt. Entry No. 26 ("Pl. Opp'n").  For the reasons set forth below, Defendants' motion is denied.

## LEGAL STANDARD

28 U.S.C. §1292(b) provides that a district court may certify an order for interlocutory appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *In re Air Crash at Georgetown, Guyana on July 30, 2011*, 33 F. Supp.3d 139, 154 (E.D.N.Y. 2014) (quoting 28 U.S.C. §1292(b)).  "The Second Circuit has 'repeatedly cautioned [that] use of this certification procedure should be strictly limited.'"  *Id.* (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).  District courts must "exercise great care in making a § 1292(b) certification[,]" because "only exceptional circumstances . . . justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *Id.* at 154-55 (internal quotation marks, citations, and alteration omitted).  An order may be certified for interlocutory appeal where the following elements are satisfied:  "(1) the order concerns a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation."  *Id.* at 155.

## DISCUSSION

Here, the first and third elements necessary to certify an order for interlocutory appeal are satisfied. The Memorandum and Order involves a controlling question of law. "[A] question of law is controlling if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). If the portion of the Memorandum and Order that denied Defendants' motion to dismiss is reversed, the action would be terminated. In the same vein, an immediate appeal may advance the termination of this action.

However, the second element is not satisfied, as there does not exist substantial ground for difference of opinion. This element "may be satisfied where the issues are difficult and of first impression . . . or where the party seeking interlocutory review can point to a substantial split in Second Circuit district court rulings on this issue[.]" *In re Air Crash at Georgetown, Guyana on July 30, 2011*, 33 F. Supp.3d at 155 (internal quotation marks and citations omitted). "Certification for interlocutory appeal is not intended as a vehicle to provide early review of difficult rulings in hard cases . . . . Rather, the district judge must analyze the strength of the arguments in opposition to the challenged ruling in order to determine whether the issue for appeal is truly one on which there is a *substantial* ground for dispute . . . . In order for a court to find a substantial ground for dispute, there must be substantial doubt that the district court's order was correct." *Id.* (internal quotation marks and citations omitted) (emphasis in original).

In partially denying Defendants' motion to dismiss, the Court relied on a New York State Court of Appeals decision, *Kurcsics v. Merchants Mutual Insurance Company*, 49 N.Y.2d 451 (1980), and a 2019 decision from this district, *Pryce v. Progressive Corporation*, 2019 WL 8163424 (E.D.N.Y. Nov. 15, 2019), both of which squarely addressed the central issue in this

action.  *See*, Memorandum and Order, at 6-8.  The Court further discussed why Defendants' reliance on *Normile v. Allstate Insurance Company*, 87 A.D.2d 721, 721 (3d Dep't. 1982), *aff'd*, 60 N.Y.2d 1003 (1983), and its progeny is misplaced.  *Id.* at 8-9.  Nonetheless, Defendants argue that a substantial ground for difference of opinion exists because the Court did not distinguish three cases upon which Defendants relied issued by the Fourth Department, the Third Department, and the Erie County Supreme Court.  *See*, Defs.' Mot., at 2-3.  Notably, these three cases rely on *Normile*, which this Court found inapposite.  Thus, Defendants' argument is without merit.  *See*, *Skubis v. Nationwide Prop. & Cas. Ins. Co.*, 303 A.D.2d 984 (4th Dep't 2003); *Marks v. Nationwide Mut. Ins. Co.*, 228 A.D.2d 937 (3d Dep't 1996); *Corey v. USAA Gen. Ins. Co.*, Index No. 800111/2011 (Sup. Ct. Erie Cnty. Aug. 10, 2012).

Significantly, this case does not present issues of first impression or issues on which there is a split among the district courts within the Second Circuit.  To the contrary, the Court followed the reasoning and ruling of *Pryce*, which is the only New York district court decision that squarely addresses the issue presented in this case.  Accordingly, Defendants do not raise an argument sufficient to cast "substantial doubt" as to whether the Court's ruling was correct.

The Court further notes that the arguments Defendants raise previously were rejected in *Pryce* where the defendants similarly requested that the court amend its order denying their motion to dismiss to include a certification of interlocutory appeal pursuant to 28 U.S.C. §1292(b).  *See*, *Pryce*, 19-cv-1467, Dkt. Entry No. 25.  Finding no "exceptional circumstances that warrant the relief requested[,]" the court denied the *Pryce* Defendants' request.  *Id.*  The same result is warranted here.

## CONCLUSION

For the reasons set forth above, the "exceptional circumstances" that warrant a § 1292(b) certification are not present here. Accordingly, Defendants' motion for certification of interlocutory appeal is denied.

SO ORDERED.

Dated: Brooklyn, New York
       June 10, 2021

                                                                  /s/
                                         DORA L. IRIZARRY
                                     United States District Judge