```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x
MARY LANZILLOTTA, individually on her own       :
behalf and representatively on behalf of a class of :
plaintiffs similarly situated,                   :
                                                 :       MEMORANDUM & ORDER
                                  Plaintiff,     :
                                                 :       No. 19-CV-01465-DLI-JRC
        -against-                                :
                                                 :
GEICO GENERAL INSURANCE COMPANY,                 :
                                                 :
                                  Defendant.     :
----------------------------------------------------------------------- x
```

JAMES R. CHO, United States Magistrate Judge:

## Introduction

In this class action, plaintiff Mary Lanzillotta ("plaintiff") seeks damages, on behalf of herself and a class of similarly-situated plaintiffs, alleging defendant GEICO General Insurance Company ("GEICO General" or "defendant") improperly reduced the insurance benefits to which she and other covered persons were entitled under New York's Comprehensive Automobile Insurance Reparations Act, N.Y. Ins. Law §§ 5101-09 (the "No-Fault Statute"). The Honorable Dora L. Irizarry certified a class pursuant to Rule 23(b)(3), Dkt. 50 ("Class Certification Order"), and plaintiff now moves for approval of the class notice and related procedures, Dkt. 53 ("Motion"). As set forth below, this Court grants plaintiff's Motion in part.

## Background

On or about August 27, 2016, plaintiff was injured in an automobile accident. Compl., Dkt. 1, ¶ 23.[1] At the time, plaintiff held a motor vehicle insurance policy (the "Policy") with

---

[1] A more comprehensive summary of the facts can be found in the Court's prior order granting in part and denying in part defendants' motion to dismiss, Dkt. 23, as well as in the Court's class certification decision, Dkt. 50.

defendant, which provided coverage in accordance with New York's No-Fault Statute. *Id*. ¶¶ 22, 25. Following the accident, plaintiff submitted a claim for "First Party Benefits" under the Policy. *Id*. ¶ 23. Plaintiff alleges defendant prematurely exhausted her insurance benefits under the Policy, depriving her of $3,554.79 to which she was entitled. *See id*. ¶¶ 28–30.

On March 3, 2019, plaintiff filed her class action complaint against GEICO General and several other since-dismissed defendants, alleging breach of contract, violations of the No-Fault Statute and New York General Business Law § 349, and sought declaratory and injunctive relief. *Id*. ¶¶ 33–49. Following defendants' motion to dismiss, which was granted in part and denied in part, only the No-Fault Statute violation and breach of contract claims survived. *See* Order on Motion to Dismiss, Dkt. 23. On March 25, 2023, the Court certified a class only as to plaintiff's breach of contract claim against GEICO General. Class Certification Order, Dkt. 50, at 21.[2] Judge Irizarry certified the class according to the following class definition:

> All "Eligible Injured Persons," as that term is defined by 11 NYCRR §§ 65-1.1–65-1.3, covered under a policy of insurance issued or administered by GEICO General Insurance Company, subject to the provisions of Insurance Law § 5102, who earned gross monthly wages in excess of two thousand dollars per month at any point during the period in which they were covered, who have submitted First Party Benefit claims to and received payment from GEICO General Insurance Company for First Party Benefits that included claims for lost wages, and which, after paying at least one month of First Party wage benefits, GEICO General Insurance Company claimed fully exhausted coverage on or after March 13, 2013. Excluded from the Class are the defendant company; any entity that has a controlling interest in the defendant company; current or former directors, officers and counsel of the defendant company; and any Eligible Injured Persons who received full compensation under the applicable insurance policy.

*Id.* at 11–12.

Plaintiff thereafter moved for this Court's approval of her proposed class notice and

---

[2] The Court dismissed the No-Fault Statute claim, and all other defendants. Class Certification Order, Dkt. 50, at 21.

notice procedures.  *See* Motion, Dkt. 53; *see also* Plaintiff's Memorandum in Support, Dkt. 53-2; Proposed (Amended) Form of Notice, Dkt. 53-8.  Defendant filed an opposition, *see* Memorandum in Opposition ("Opp."), Dkt. 53-6, and plaintiff replied, *see* Reply, Dkt. 53-7.  The Court adopts plaintiff's proposed notice procedures and adopts, in part, the proposed amended notice as described below.

## Discussion

### I.   Method of Notice

Rule 23(c)(2) requires that members of a Rule 23(b)(3) class be given "the best notice practicable under the circumstances."  Fed. R. Civ. P. 23(c)(2).  "Individual notice *must* be sent to all class members whose names and addresses may be ascertained through reasonable effort."  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (emphasis added); *see also Hasemann v. Gerber Prod. Co.*, No. 15-CV-2995, 2023 WL 2499131, at *3 (E.D.N.Y. Mar. 14, 2023) ("[T]he language of Rule 23(c)(2)(B) and the Supreme Court's interpretation of that language and the Due Process Clause . . . make clear that whenever an individual class member's name is known or easily ascertainable, individual notice is mandatory." (quoting 3 William B. Rubenstein, Newberg and Rubenstein on Class Actions § 8:7 (6th ed.)).

Plaintiff states that notice to individual class members is possible because defendant possesses the names, e-mail addresses, and last-known addresses of its insureds.  Motion at 3-4.  Plaintiff asks the Court to order defendant's cooperation in producing a list of class members.  *See id.* at 4.  Specifically, plaintiff represents that defendant has previously produced an electronic list containing all class members as of March 2021.  *Id.*  Plaintiff now seeks a Court order "establishing a date by which Defendants must supply [an electronic list] of the names, addresses, and (if available) e-mail addresses of class members, from March 13, 2013 through

3

the present." *Id.* at 5.  Plaintiff proposes notice via e-mail and first-class mail.  *Id*. at 3–4.

Defendant objects on grounds that plaintiff's proposed plan for disseminating the class notice is overinclusive.  Opp. at 3–4.  Defendant notes that the electronic list previously provided to plaintiff included all "eligible injured persons who received any payment of benefits for lost wages during the lifecycle of the claim and subsequently had the Basic Economic Loss policy limit exhausted," while the class definition encompasses only "those eligible injured persons who earned gross monthly wages in excess of two thousand dollars per month."  *Id.* at 4.  According to defendant, an updated spreadsheet based on these same criteria would include individuals who do not fall within the class and, therefore, would be impermissibly overinclusive.  *Id.*

Defendant's argument is unavailing.  Defendant overstates the case law in positing that "[n]otice to individuals is improper and not required by Rule 23 when it is overly broad or overinclusive."  *Id.* at 3.  The court in *In re Agent Orange Product Liab. Litig.* did not require individual notice to all 2.4 million Vietnam veterans when indisputably "far fewer than that number" fit the class definition—*i.e.*, were exposed to Agent Orange in Vietnam.  818 F.2d 145, 169 (2d Cir. 1987).  Critically, the Second Circuit also noted that such a list of veterans could not be compiled through "reasonable efforts"—the standard articulated by Rule 23.  In contrast, defendant does not challenge plaintiff's notice plan for its outsized effort (the list at issue has previously been provided during the class certification stage).  Similarly, defendant stretches the holding of *In re Nissan Motor Corp. Antitrust Litig.*, in which the court was more concerned with the imprecision of the proposed procedure—*i.e.*, the fact that it was unlikely to reach a sufficient number of class members—rather than any prejudice resulting from an overinclusive notice plan.  552 F.2d 1088, 1099 (5th Cir. 1977) (holding that proposed class notice encompassed

4

overinclusive group but that the "more fundamental defect" was that notice would be underinclusive).  Neither case stands for the proposition that notice to an overinclusive group of potential class members is improper.

This Court is instead guided by Rule 23, which *requires* individual notice when it is possible *with reasonable effort*.  *See* Fed. R. Civ. P. 23(c)(2).  "[M]odest overbreadth . . . [does] not override the requirement of individual notice.  Some amount of overbreadth is permissible in providing class notice."  *Hasemann v. Gerber Prod. Co.*, No. 15-CV-2995, 2023 WL 2499131, at *3 (E.D.N.Y. Mar. 14, 2023) (collecting cases); *see also Cin-Q Automobiles, Inc. v. Buccaneers Ltd. P'ship*, No. 13-CV-1592, 2022 WL 4017054, at *3 (M.D. Fla. Sept. 2, 2022) (ordering notice to list of individuals even though list "may be somewhat overinclusive" because "to not send notice to those multiple individuals would deprive direct notice to Class Members"); *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 61–62 (D. Conn. 2001), *on reconsideration* (May 11, 2001) (rejecting direct mail notice that would reach only 60 percent of class but acknowledging that "a defendant's inability to weed out a small quantity of [non-class members] should not be permitted to prevent proper notice").

Here, the risk of notifying an overly-inclusive class is not sufficient to override Rule 23's mandate to provide individual notice where practicable.  Defendant does not object to the effort involved in plaintiff's proposed notice procedure, and plaintiff's procedure appears designed to notify a substantial number—if not all—of the class members.  *See* Dkt. 46-6 (in which plaintiff's expert interprets the spreadsheet as containing "individuals who resided or were injured in New York, who had at least one lost wage payment after March 13, 2013, and whose benefits had exhausted").  Plaintiff's proposed amended notice, Dkt. 53-8, makes clear that class members must have earned "gross monthly wages in excess of two thousand dollars per month,"

5

and defendant will have an opportunity to dispute ineligible claimants during the claims administration stage. *See Lenorowitz v. Mosquito Squad of Fairfield & Westchester Cnty.*, No. 20-CV-01922, 2023 WL 2612874, at *4 (D. Conn. Mar. 23, 2023) ("Even if individualized inquiry is eventually needed, at this stage any ambiguity over who should receive notice will be resolved in favor of sending notice to all [potential class members], even if that group later proves to have been overbroad, with the intent of narrowing the class later during the individualized claims process.").

Defendant further objects to plaintiff's proposed notice procedures as impermissibly reopening discovery because plaintiff requests that defendant produce an updated class list spreadsheet capturing data up to the present. Opp. at 6. The Court finds no merit to this contention. The approved Class Definition does not have an end date, and the Class Certification Order—in which the Court expressly modified the Class Definition—makes no suggestion that the Court intended to impose one. Moreover, the defendants in *Pryce v. Progressive* made a similar argument, based on a nearly-identical class definition and notice procedure. The Court summarily approved a notice procedure, expressly over the *Pryce* defendants' objections, requiring defendants to produce a list of potential class members spanning to the present. *See* Order Approving Class Notice Form and Procedure, *Pryce v. Progressive Corp. et al.*, No. 19-CV-1467, Dkt. 70 (directing "Defendants to provide Plaintiff with the names, addresses, and, if known to Defendants, the e-mail addresses of all class members, from March 13, 2013 to the present").

Even if plaintiffs were seeking to reopen discovery, the process of exchanging and analyzing information used to notify the class is a routine part of class notice. "[C]ourts have repeatedly allowed for discovery for the narrow purpose of putting together a list of potential

6

class members to be noticed or for purposes of evaluating who falls within the class."

*Lenorowitz v. Mosquito Squad of Fairfield & Westchester Cnty.*, No. 20-CV-01922, 2023 WL 2612874, at *5 (D. Conn. Mar. 23, 2023) (collecting cases).  For the forgoing reasons, the Court approves plaintiff's proposed notice procedures.

**II.     Content of Notice**

Fed. R. Civ. P. 23(c)(2)(B) sets forth the following requirements for the contents of the class notice:

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Court is satisfied that the amended proposed class notice (Dkt. 53-8) fulfills the requirements of Rule 23 and will inform class members of their rights and obligations in this action, subject to the modifications set forth below.  The form is substantially identical to the one approved in *Pryce*, No. 19-CV-1467.

In its Opposition, defendant sets forth six proposed edits to the proposed class notice. *See* Opp., Dkt. 53-6, at 8–9.  In her reply, plaintiff purports to have accepted the majority of defendant's edits and submitted to the Court an amended proposed class notice.  Dkt. 53-8 (accepting in part defendant's proposed edits set forth in Opp. at 6, paras. 3, 4 and 5).  The Court approves plaintiff's revisions to the references to "New York No-Fault Benefit wage loss" and "Basic Economic Loss No-Fault Coverage," and removal of the references to "No-Fault" (Opp. at 8, para. 2) as set forth in the amended proposed class notice.

7

The Court further modifies the proposed amended class notice as follows consistent with defendant's proposed edits:

(1)   Plaintiff shall modify "GEICO General Insurance Company (not another GEICO company)" to "GEICO General Insurance Company ('GEICO General') (not another GEICO company)."[3]  Opp. at 8, para. 1.

(2)   In light of the reference to "eligible injured persons" as set forth in the Class Definition, plaintiff shall modify "insured" to "eligible injured person" in the second sentence of number 1 ("What is the lawsuit about?") under "BASIC INFORMATION ABOUT THE LAWSUIT."  *See* Opp. at 8, para. 6, second sentence.

Accordingly, for the forgoing reasons, this Court:

a)   Approves the proposed amended class notice attached to plaintiff's reply brief (Dkt. 53-8), with the modifications set forth above, and with the proviso that the dates set forth therein comport with the dates set forth in this Order;

b)   Authorizes plaintiff to retain RG/2 Claims Administration LLC as claims administrator, on the terms set forth in the proposal dated May 10, 2023 (Dkt. 53-5);

c)   Approves the manner of notice described in the Motion; that is, by mail to each class member, and by e-mail to class members whose e-mail addresses are known;

d)   Directs defendant to provide plaintiff a list that encompasses all class members, from March 13, 2013 to the present, and which contains the names, addresses, and, if known to defendant, the e-mail addresses of all persons on the list, in Excel format, no later than **April 10, 2024**;

---

[3] Plaintiff shall also modify "GEICO General Insurance Company ('GEICO')" to "GEICO General Insurance Company ('GEICO General')."

e) Directs that the notice be sent to all individuals on the list described above on or before **May 10, 2024**; and

f) Establishes **July 10, 2024** as the opt-out date.

**SO ORDERED**

Dated: Brooklyn, New York
January 10, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge
